<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| AMRO N. ELKABANY, | Civil Action No. 26-6043 (SDW) |
| Appellant, | |
| v. | **WHEREAS OPINION & ORDER** |
| SUMINTRA   BALCHAN-ELKABANY; MARIE-ANN E. GREENBERG, *Chapter 13 Standing Trustee*, | June 8, 2026 |
| Appellees. | |

**WIGENTON**, District Judge.

**WHEREAS** before this Court are *pro se* Appellant Amro N. Elkabany's ("Appellant" or "Mr. Elkabany") Emergency Motion to Stay Pending Appeal (D.E. 2 ("Motion"))[1] pursuant to Federal Rule of Bankruptcy Procedure 8007(b) and application to proceed *in forma pauperis* (D.E. 1-2 ("IFP application")). This opinion is issued without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. *See also* L. Civ. R. 601.1(c) (providing this District's Local Civil Rules apply to bankruptcy appeals before the District Court); and

**WHEREAS** on May 4, 2026, Appellant filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the District of New Jersey. (Bankr. D.E. 1.) This automatically stayed the underlying divorce action between Appellant and Appellee Sumintra Balchan (hereinafter,

---

[1] Citations to "D.E." refer to docket entries in this Bankruptcy Appeal (Docket Number 26-6043) and citations to "Bankr. D.E." refer to docket entries in the underlying Bankruptcy Court case (Docket Number 26-15034 in the Bankruptcy Court).

"Ms. Balchan"), Appellant's former spouse, which is before the New Jersey Superior Court, Family Part of Salem County.[2] *See* 11 U.S.C. § 362(a); *In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994) ("The Bankruptcy Code states that a bankruptcy petition operates as a stay of all enforcement proceedings against the debtor.") (citing 11 U.S.C. § 362(a)); and

**WHEREAS** on May 14, 2026, Ms. Balchan moved before the bankruptcy court to obtain relief from the automatic stay in order to consummate the sale of the former marital home.  (Bankr. D.E. 19.)  Ms. Balchan certified to the court that she was appointed as "attorney in fact for the purposes of executing a sale contract and consummating a sale" of the former marital home in January 2026 by the family court after Mr. Elkabany failed to cooperate in the sale process.  (Bankr. D.E. 19-1, Balchan Cert. ¶ 4.)  She represented the home was under contract and that the closing was scheduled for May 28, 2026.[3]  (*Id.* ¶¶ 10, 12–13.)  Ms. Balchan characterized Mr. Elkabany's filing for bankruptcy as being for the purposes of delaying the sale, having been unsuccessful in the state court system.[4]  (*Id.* ¶¶ 2, 6–7.)  Ms. Balchan asked that the bankruptcy court order Mr. Elkabany's remaining net proceeds from the sale of the former marital home to be paid to her attorney, Lynn Castillo, instead of to the Chapter 13 Trustee.  (*Id.* ¶ 16.)  Mr. Elkabany objected.  (Bankr. D.E. 26); and

---

[2] On June 27, 2025, the Honorable Louis C. Shapiro, J.S.C., issued an opinion in the divorce action granting Ms. Balchan's request for entry of a judgment of divorce in her favor.  (Bankr. D.E. 19-2, Balchan Cert., Ex. A at 82.)  Relevant to this matter, Judge Shapiro ordered the sale of the former marital home located at 55 Market Street in Salem, New Jersey, with Mr. Elkabany and Ms. Balchan to "be assigned an equal 50-50 share of the net equity received from the sale . . . after all fees and closing costs."  (*Id.* at 83.)  Mr. Elkabany's share, however, was to be reduced consistent with certain obligations including, but not limited to, $46,414.60 for attorney's fees due to Ms. Balchan's counsel.  (*Id.* at 84.)

[3] The closing has since been postponed.  (D.E. 6 at 1.)

[4] It appears Mr. Elkabany appeals of the family court's judgment, as well as his requests for stays, were denied.  (D.E. 19-1, Balchan Cert. ¶ 6.)  Additionally, upon filing for bankruptcy Mr. Elkabany "filed a bankruptcy notice in the Salem County land records."  (*Id.* ¶ 14.)

**WHEREAS** on May 26, 2026, the bankruptcy court granted Ms. Balchan's motion, finding that the limited power of attorney granted to Ms. Balchan in the family court action "is in full force and effect." (Bankr. D.E. 28 at 2.) The bankruptcy court indicated that half of the proceeds from the sale of the former marital home would be paid to Ms. Balchan at closing and the other half would be "tendered to the 'Attorney Trust Account of Lynn Castillo, Esquire' and delivered to Ms. Castillo to be held" pending further orders from the court, notwithstanding any prior orders issued in the divorce case. (*Id.* at 3.) Mr. Elkabany responded by seeking an emergent stay pending appeal.[5] (Bankr. D.E. 31); and

**WHEREAS** a day after, Mr. Elkabany filed the instant appeal and an application to proceed *in forma pauperis* with this Court. (D.E. 1.) On May 28, 2026, Appellant filed an Emergency Motion seeking (1) a stay pending appeal of the bankruptcy court's May 27, 2026 order, (2) "an emergency order freezing all proceeds" from the sale of the former marital home pending resolution of his appeal, and (3) compensatory damages for constitutional violations. (D.E. 2.) Ms. Balchan opposed Mr. Elkabany's Motion, characterizing it as a "last-ditch effort" to stop the sale of the home. (D.E. 6 at 1); and

**WHEREAS** a district court may allow a litigant to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the litigant submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who

---

[5] On May 28, 2026, the bankruptcy court denied Mr. Elkabany's request for an emergent stay pending appeal. (Bankr. D.E. 36 at 3.) The court reasoned that because Mr. Elkabany was "seeking to relitigate the State Court's Orders," he was "highly unlikely to succeed" on the merits of his appeal. (*Id.*) Not only was Mr. Elkabany seeking relief he could (and had attempted to) obtain in state court but given that he did not reside at the former marital home and that his portion of the sale proceeds would be held in escrow, there would not be irreparable injury. (*Id.*)

3

is immune from such relief."  28 U.S.C. §§ 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** Mr. Elkabany will be granted IFP status, as he has sufficiently demonstrated he is unable to pay the filing fee.  His application details his monthly expenses and demonstrates how these expenses exceed his monthly income as a rideshare driver by approximately $2,383 each month.  (D.E. 1-2 at 3.)  Additionally, this Court notes the bankruptcy court also permitted Mr. Elkabany to pay the filing fees associated with his Chapter 13 application in installments. (Bankr. D.E. 4); and

**WHEREAS** a party may move in the district court for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(b).  In determining whether to grant such a stay, courts apply factors akin to those used in the preliminary injunction context.  Namely, courts consider whether:  (1) the appellant has made a strong showing of the likelihood of success on the merits, (2) the appellant will suffer irreparable injury absent a stay, (3) a stay would substantially harm other parties interested in the litigation, and (4) the stay is in the public interest.  *In re Revel AC, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015).  Given that the first two factors are the "most critical," absent the requisite showing on these factors, "the stay should be denied without further analysis." *Id.* at 570, 571 (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300–01 (7th Cir. 1997)); and

**WHEREAS** a bankruptcy court's decision to grant relief from an automatic stay is reviewed for abuse of discretion.  *In re Myers*, 491 F.3d 120, 128 (3d Cir. 2007).  An abuse of discretion arises when a court's decision is based on "a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact."  *In re Maxus Energy Corp.*, 49 F.4th 223, 229 (3d Cir. 2022) (quoting *In re Prosser*, 777 F.3d 154, 161 (3d Cir. 2015)).  "In

4

short, an abuse of discretion occurs 'where no reasonable person would adopt' the lower court's view." *Id.* (quoting *United States v. Foster*, 891 F.3d 93, 107 n.11 (3d Cir. 2018)); and

**WHEREAS** Mr. Elkabany has not demonstrated a likelihood of success on the merits or irreparable harm and thus, a stay will not issue.  In reviewing the submissions before it, it is clear to this Court that the bankruptcy court did not abuse its discretion and properly granted Ms. Balchan relief from the automatic stay in light of the underlying longstanding divorce proceeding in state court.  Mr. Elkabany does not set forth any valid reasons as to why the bankruptcy court's ruling is invalid.  Further, as stated by the bankruptcy court in its May 28, 2026 Order, the state court system provides mechanisms by which Mr. Elkabany can challenge the family court judgment and he appears to have availed himself of said mechanisms.[6]  Mr. Elkabany cannot utilize bankruptcy as a means to circumvent or ignore the validity and finality of the family court's judgment.  Lastly, the family court's judgment authorizing the sale of the former marital home was issued almost a year ago.  This, coupled with the fact that Mr. Elkabany does not reside at the former marital home, support the conclusion that Mr. Elkabany will not be irreparably harmed; therefore

**IT IS**, on this 8th day of June 2026,

**ORDERED** that Appellant's application to proceed *in forma pauperis* (D.E. 1-2) is **GRANTED**; and it is further

**ORDERED** that Appellant's Motion (D.E. 2) is **DENIED**.

**SO ORDERED.**

---

[6] In fact, Mr. Elkabany's June 4, 2026 submission to this Court "request[s] permission for the Supreme Court of New Jersey to proceed with [his] pending matter." (D.E. 8 at 1.)  Given the lack of documentation provided by Mr. Elkabany, it is unclear what matters are pending in the New Jersey state court system or how they relate, if at all, to this appeal.

_/s/ Susan D. Wigenton_
**SUSAN D. WIGENTON, U.S.D.J.**


Orig:   Clerk
cc:       Parties

6